# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00090-GCM

| | |
|---|---|
| APRIL VARNEY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **ORDER** |
| | ) |
| DUSTIN HARRIS<br>NOVANT HEALTH, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER COMES** before this Court on Defendant Dustin Harris' Motion to Dismiss (Doc. No. 5) and Defendant Novant Health's Motion to Dismiss (Doc. No. 7). Plaintiff April Varney ("Plaintiff") responded to both Motions (Doc. Nos. 10, 11). Both Defendants chose to not submit a reply brief. As such, this matter is ripe for disposition.

## I. FACTUAL BACKGROUND

Plaintiff worked as a Certified Medical Assistant for Defendant Novant Health ("Novant"). (Compl. ¶ 10). Plaintiff began working for Novant in 2007. (Compl. ¶ 11). In 2010, Plaintiff was diagnosed with breast cancer, and as a result, Plaintiff had to undergo a right-sided mastectomy and right axillary dissection. (Compl. ¶ 14). This procedure resulted in lymphedema in her right arm. (*Id.*). Plaintiff took Family and Medical Leave Act time in order to recover from her treatment. (Compl. ¶ 15). She returned to work in June of 2010 in a sedentary position. (Compl. ¶ 17).

In December of 2014, Plaintiff returned to the position of medical assistant which required standing, walking, and reaching. (Compl. ¶ 19). In the same month, Plaintiff began experiencing cellulitis in her right arm due to her lymphedema. (Compl. ¶ 20). In May of 2015, Plaintiff informed her supervisor that she needed to return to her sedentary position due to the pain and

1

swelling in her arm. (Compl. ¶ 21). Novant's Accommodations Coordinator informed Plaintiff that if she could not perform the essential functions of her job, with or without reasonable accommodations, Plaintiff would need to find a new position or be terminated. (Compl. ¶ 28).

On October 26, 2015, Plaintiff's physician placed restrictions on her that would only allow her to return to work in a sedentary position. (Compl. ¶ 29). Plaintiff returned to work with Novant on November 2, 2015. (Compl. ¶30). At that time, Plaintiff reported directly to Defendant Dustin Harris ("Harris"). After a brief hospitalization, Plaintiff returned to work and approached Harris regarding the accommodations she would need while working. (Compl. ¶ 35). Harris sent Plaintiff an email stating that Novant could not accommodate Plaintiff's restrictions. (Compl. ¶ 37). On April 4, 2016, Harris called Plaintiff into his office and terminated her employment with Novant. (Compl. ¶41). As a result of her firing, Plaintiff became extremely depressed and could not sleep. (Compl. ¶ 46). Plaintiff's medication was able to alleviate the depression. (Compl. ¶ 47).

Plaintiff sued Novant on three different causes of action: (1) discrimination in violation of the Americans with Disabilities Act; (2) wrongful discharge in violation of public policy; and (3) negligent hiring, training, and retention. Plaintiff also sued Harris for intentional infliction of emotional distress. Harris moved to dismiss the single cause of action brought against him. Novant moved to dismiss Plaintiff's negligent hiring, training, and retention cause of action. Because the two Motions are interrelated, the Court will discuss both below.

## II. STANDARD OF REVIEW

When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s]

whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000). Thus, to survive a motion to dismiss, the plaintiff must include within his complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

Both Harris and Novant submitted motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will first discuss Harris' Motion followed by Novant's Motion.

### a. Harris' Motion to Dismiss

Plaintiff sued Harris for intentional infliction of emotional distress. In North Carolina, a plaintiff claiming intentional infliction of emotional distress must plausibly allege "(1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress." *Waddle v. Sparks*, 331 N.C. 73, 82 (1992) (internal citations omitted). Extreme and outrageous conduct is conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Briggs v. Rosenthal*, 73 N.C. App. 672, 677, *cert. denied*, 314 N.C. 114 (1985). It is a question of law whether conduct is extreme or outrageous. *Lenins v. K–Mart Corp.*, 98 N.C. App. 590, 599 (1990).

In the employment context, the bar for extreme and outrageous conduct is very high. "Presumably, any termination will cause [a] discharged employee some degree of emotional upset." *Barber v. The Family Center*, No. 3:04-cv-00258, 2006 WL 3246608, at *2 (W.D.N.C. Nov. 6, 2006) (unpublished). North Carolina courts rarely find conduct to rise to extreme and outrageous in employment cases. *See Proctor v. Johnson Body Shop, Inc.,* 166 N.C. App. 515 (2004)

3

(noting that North Carolina courts rarely find extreme and outrageous conduct in the employment setting, but finding that smearing animal feces on tools regularly used by plaintiff and phoning plaintiff's wife pretending to be a funeral home and inquiring of plans to dispose of her husband's body was enough to defeat summary judgment). In any event, extreme or outrageous conduct must always be predicated on more than simply firing an individual. *Sims-Campbell v. Welch*, 239 N.C. App. 503, 509 (2015).

Here, Plaintiff has not plausibly alleged extreme and outrageous conduct. Plaintiff alleged that Harris called Plaintiff into his office and fired her rather than providing her with accommodations. Plaintiff argues in response that she has plausibly alleged extreme or outrageous conduct due to the fact that she was "a cancer survivor less than a week after her discharge from the hospital" at the time of her termination. (Doc. No. 10, p. 3). While the timing of her termination was unfortunate, it does not surpass the very high bar for extreme or outrageous conduct in employment cases. As such, Harris' Motion to Dismiss the intentional infliction of emotional distress claim is **GRANTED**.

### b. Novant's Motion to Dismiss

Novant moved to dismiss Plaintiff's negligent hiring, training, and retention claim under Federal Rule of Civil Procedure 12(b)(6). In order to hold an employer vicariously liable for the actions of an employee under this theory, a plaintiff must sufficiently allege a stand-alone common law tort committed by the employee. *McLean v. Patten Cmtys., Inc.,* 332 F.3d 714, 719 (4th Cir. 2003). Thus, a statutory tort will not suffice. *Rathbone v. Haywood County,* No. 1:08–CV–117, 2008 WL 2789770, at *3 (W.D.N.C. July 17, 2008) (unpublished); *Jackson v. FKI Logistex,* 608 F. Supp. 2d 705, 708 (E.D.N.C. 2009).

Here, Plaintiff only alleged one common law tort: intentional infliction of emotional distress. The Court already dismissed that cause of action above. The rest of Plaintiff's alleged

torts are statutory and thus cannot support a claim of negligent hiring, training, and retention under North Carolina and Fourth Circuit law. Plaintiff seems to acknowledge this fact as she only argues in response that her claim for intentional infliction of emotional distress should not be dismissed. Because the Court has already dismissed that claim, the Court also **GRANTS** Novant's Motion to Dismiss as to the negligent hiring, training, and retention claim due to want of an underlying common law tort.

## IV.  CONCLUSION

For the aforementioned reasons, Harris' Motion to Dismiss is **GRANTED**. Novant's Motion for Partial Dismissal is **GRANTED** as to the negligent hiring, training, and retention claim.

**SO ORDERED**.

Signed: January 30, 2019

Graham C. Mullen
United States District Judge