**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:18-cv-00090**

| | |
|---|---|
| APRIL VARNEY, | ) </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | )     **STIPULATED** </br> )     **PROTECTIVE ORDER** |
| NOVANT HEALTH, INC., | ) </br> ) |
| Defendant. | ) </br> ) |

In order to preserve and maintain the confidentiality of certain information served, produced, or otherwise disclosed or communicated by, between, or among the parties to this action, the Court, all parties to this action and/or third persons or entities hereby stipulate and agree, and **IT IS ORDERED THAT**:

1. Information or documents served, produced, or otherwise disclosed or communicated by any person or entity in connection with this action ("**Materials**") that constitutes or contains confidential or proprietary information including, without limitation, information or documents that fall within one or more of the following categories shall be referreed to as "Protected Documents":

(a) materials related to the confidential medical records of April Varney or any other person protected by the Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**") and any information derived from such information or documents, including, without limitation, written discovery responses, extracts, memoranda, notes, records or

-1-

transcripts of deposition testimony, and correspondence quoting from or summarizing such information;

(b) information that reveals trade secrets;

(c) research, technical, commercial or financial information that the party has maintained as confidential;

(d) personal identity information, including social security numbers;

(e) income tax returns, including W-2 forms; or

(f) personnel or other employment records of a person who is not a party to the case.

When used in this Protective Order, the word "documents" is used in its broadest sense and meals all written and computerized materials, videotapes, and all other tangible items and items in magnetic or electronic form. Protected Documents designated by any party or third party as either or both "Confidential—Subject to Protective Order" or "Attorney Eyes Only," and served, produced, or otherwise communicated in this action shall be Protected Documents and given confidential treatment as described below.

2. Materials produced or otherwise disclosed or communicated in this action that a person or entity deems to constitute a Protected Document may be designated as such as follows: (1) by the person or entity producing, disclosing, or communicating the materials marking the document or thing with a legend stating "Confidential—Subject to Protective Order" or "For Attorney Eyes Only," or by either or both of such written designation(s) using Bates number type specifications or other conspicuous designation; or (2) by any party receiving them making such written or, if during a proceeding with a court reporter present, on-the-record designation. Any written discovery response marked with the legend "Confidential—Subject to Protective Order"

or "For Attorney Eyes Only" must be bound separately from any response(s) not constituting a Protected Document.

3. Protected Documents shall be treated as confidential and used solely for the purpose of prosecuting or defending against any claim asserted in this action. Except upon the prior written consent of the producing person or entity, or upon further order of the Court, any Protected Documents designated "For Attorney Eyes Only" may be shown, disseminated, discussed or disclosed by the recipients only to the following persons:

    a. Counsel of record in this action, other members of counsel's law firm, and any other counsel associated to assist in the preparation or trial of this action;

    b. Employees of counsel of record or of associated counsel who assist in the preparation or trial of this action;

    c. Outside experts and consultants retained by any party in good faith for the preparation or trial of this action, provided that no disclosure shall be made to any expert or consultant who is employed by a direct competitor of the disclosing person or entity or by any party's subsidiary or successor;

    d. Current employees or agents of the party or person who produced the Protected Document;

    e. Stenographic reporters engaged for depositions or proceedings necessary to this action;

    f. Employees of outside copy services used to make copies of Protected Documents and outside ESI vendors used to host Protected Documents; and

    g. The Court and its staff.

4. Except upon the prior written consent of the producing person or entity, or upon further order of the Court, any Protected Documents designated "Confidential—Subject to Protective Order" and *not* designated "For Attorney Eyes Only" may only be shown, disseminated, discussed, or disclosed to the persons identified in subparagraphs (a) through (g) of paragraph 3 above *and* to the parties to this action.

5. Before receiving access to any Protected Documents produced by an opposing party, each person described in subparagraphs 3(c) and 3(e) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing to be bound by its terms and to be subject to the jurisdiction of the federal District Court for the Western District of North Carolina, by either signing a copy of this Protective Order or a declaration in the form attached as Exhibit 1 or, if during a deposition, then by oral declaration on the record in substantially the same language as Exhibit 1.

6. Prior to designating any material as "Confidential—Subject to Protective Order," the producing person or entity will make a bona fide, good faith determination that the material does in fact contain confidential or proprietary information. Prior to designating any material as "For Attorney Eyes Only," the producing person or entity will make a bona fide, good faith determination that the material does in fact contain confidential or proprietary health and/or business information and that such information is of such a sensitive nature that disclosure should not be made to the other party to this action. If a receiving party disagrees with the designation of any document, it will so notify the producing person or entity in writing at any time after production of the designated document and, if the parties cannot resolve the issue within ten calendar (10) days of the producing person or entity's receipt of the notice, the objecting party will have the option to apply to the Court for the purpose of establishing that

good cause does not exist for the document to be protected. The party who designated a document as "Confidential—Subject to Protective Order" or "For Attorney Eyes Only" has the burden of proving good cause exists for a document to come within the protection of or be subject to this Protective Order. The objecting party will treat any document so-marked as "Confidential-Subject to Protective Order" or "For Attorney Eyes Only" as originally designated, until the Court enters a contrary ruling on the matter.

7. To the extent that Protected Documents designated as "Confidential—Subject to Protective Order" or "For Attorney Eyes Only," are used in any filing with the Court, such filed documents or information shall be filed in accordance with Local Rule 6.1.

8. To the extent that Protected Documents are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order. Such documents are to be maintained under seal by the court reporter. With respect to any deposition or hearing transcript, any party or third party may, on the record or within thirty (30) days after receipt of the transcript, designate portions of the transcript as "Confidential—Subject to Protective Order" and/or "For Attorney Eyes Only" under this Protective Order. In order to protect this right, except for those portions designated "For Attorney Eyes Only" (which the parties anticipate will be made on the record during the deposition), the entire transcript shall be treated as "Confidential—Subject to Protective Order" for the thirty (30) days after receipt of the transcript. However, this provision does not prevent the deponent from reviewing the transcript.

9. After final termination of this action and upon written request by the producing person or entity, counsel shall within thirty (30) days of receipt of such written request destroy (or, at the producing person or entity's request and expense, return to the producing person or entity) the Protected Documents and all copies of those documents in the possession of counsel,

his or her clients, and counsel's clients' consulting and testifying experts (except that counsel for each party may retain one copy of the documents for the sole purpose of retaining his or her file intact). Counsel shall certify in writing that all such documents and copies thereof have been destroyed (or returned to the producing person or entity), and each expert who received copies of such documents shall also certify that he or she has destroyed all notes, memoranda or other documents created by that expert from or containing information contained in the Protected Documents.

10. In the event either party inadvertently discloses documents or information covered by the attorney-client privilege or work product doctrine during the course of discovery, whether or not such documents or information are designated as Protected Documents, such disclosure shall not constitute a waiver of the attorney-client or work product privileges. Upon receiving notice from the producing person or entity that privileged material has been inadvertently disclosed, the non-producing person or entity shall immediately gather and destroy all identified documents, all copies of those documents and all summaries compiled based on the information in those documents and shall certify in writing to the producing person or entity that the documents have been destroyed.

11. No provision of this Stipulated Protective Order prohibits or limits any person or entity from in any way disclosing or using her/his/its own documents or information or documents or information of which she/he/it has possession or use by means other than through discovery, disclosure, or other communication in this lawsuit.

12. All parties reserve the right to apply to the Court for an order modifying or amending the terms of this Protective Order, either upon consent of all other parties or upon a showing of good cause and other appropriate showing under the particular circumstances.

13. After the termination of these matters, the provisions of this Protective Order shall continue to be binding. The ultimate disposition of Protected Documents shall be subject to a final order of the Court upon completion of the litigation.

14. This Protective Order shall be binding upon the parties hereto, upon their attorneys and their agents, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**SO STIPULATED:**

| | |
|---|---|
| **/s/Mathew E. Flatow** | **/s/ Patrick E. Kelly** |
| Mathew E. Flatow | Patrick E. Kelly, N.C. State Bar No. 16703 |
| N.C. State Bar No. 35282 | Kimberly J. Kirk, N.C. State Bar No. 44255 |
| Arcangela M. Mazzariello | David E. Stevens, *pro hac vice* |
| N.C. State Bar No. 23846 | Johnston, Allison & Hord, P.A. |
| David A. Swenton | 1065 East Morehead Street |
| N.C. State Bar No. 52537 | Charlotte, North Carolina 28204 |
| SeiferFlatow, PLLC | Telephone No: (704) 332-1181 |
| 2319 Crescent Avenue | Facsimile No: (704) 376-1628 |
| Charlotte, NC 28207 | pkelly@jahlaw.com |
| P: (704) 512-0606 | kkirk@jahlaw.com |
| F: (704) 314-0677 | dstevens@jahlaw.com |
| mathew@seiferflatow.com | ***Attorneys for Defendant*** |
| arc@seiferflatow.com | |
| david@seiferflatow.com | |
| ***Attorneys for Plaintiff*** | |

**SO ORDERED**.        Signed: May 21, 2019

Graham C. Mullen
United States District Judge

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:18-cv-00090**

| | |
|---|---|
| APRIL VARNEY,<br><br>          Plaintiff,<br><br>v.<br><br>NOVANT HEALTH, INC.,<br><br>          Defendant. | **DECLARATION TO STIPULATED PROTECTIVE ORDER** |

I, _____, declare as follows:

1. I have read the Stipulated Protective Order attached hereto, and I understand and will abide by its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the federal District Court for the Western District of North Carolina and binds me to the provisions of the Stipulated Protective Order.

3. I declare under penalty of perjury under the laws of the State of North Carolina and of the United States of America, 28 U.S.C. § 1746, that the foregoing is true and correct. EXECUTED this _____ day of _____, 20\_\_\_\_.

_____